UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLESS LINK,

        Plaintiff,

v.                                                            Case No. 8:13-cv-00852-T-17AEP

S. STUART, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Plaintiff initiated this action alleging purported violations of Plaintiff's constitutional and civil rights arising out of a traffic stop and subsequent arrest, which resulted in criminal proceedings in state court (Dkt. No. 1). Currently before the Court is Plaintiff Carless Link's Affidavit of Indigency (Dkt. No. 2), which the Court construes as a motion for leave to proceed *in forma pauperis*. For the reasons that follow, I recommend that the motion to proceed *in forma pauperis* be denied and this action be dismissed.

In considering requests to proceed *in forma pauperis*, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1) (2012). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Notably, an action is frivolous where the allegations are "clearly baseless," "fanciful," "delusional," or "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325-28 (1989); *see Jackson v. Farmers Ins. Group/Fire Ins. Exch.*, 391 Fed. Appx. 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory (citation omitted)). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

Furthermore, dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed. Appx. 386, 387 (11th Cir. 2010) (per curiam) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In reviewing the complaint, the Court holds *pro se* pleadings to a less stringent standard and therefore construes the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (citation omitted)). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as

2

to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (citation and internal quotation marks omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

By the instant action, Plaintiff alleges that two Tampa police officers, which are the named Defendants in this action (S. Stuart and D. Ford), violated Plaintiff's Fourth, Fifth, and Eighth Amendment rights to the Constitution when the police officers stopped his car and subsequently arrested him on or about February 25, 2013.  (Dkt. No. 1 at 3-11.)  For these alleged violations, Plaintiff seeks punitive damages, compensatory damages, and a request that both police officers receive "pr[o]cedure training."  (Dkt. No. 1 at 7-11.)  Plaintiff is currently facing criminal charges in state court directly related to the allegations of the instant Complaint.[1]  A federal court is required to abstain when federal adjudication of a claim would interfere with an ongoing criminal proceeding in a state court.  *Younger v. Harris*, 401 U.S. 37, 43 (1971).  As explained by the Eleventh Circuit Court of Appeals, "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise

---

[1] See the docket for Plaintiff's underlying criminal case found on the Hillsborough County Clerk of Court website:
http://publicrecord.hillsclerk.com/oridev/criminal_pack.doc?pcSearchMode=NS&pnPidm=7173531&pcCaseId=13-CF-002910&pnCnt=1&pcCourtType=%.

constitutional challenges." *Christman v. Crist*, 315 Fed. Appx. 231, 232 (11th Cir. 2009) (per curiam) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

Just as in *Christman*, all three prongs of the *Younger* doctrine are met in this case. *Id.* In the instant case, Plaintiff's complaint is directed at ongoing state proceedings, the State of Florida has a compelling interest in prosecuting criminal cases, and Plaintiff will have an adequate opportunity to raise these constitutional issues in the state court proceedings. Moreover, Plaintiff has failed to establish the type of extraordinary circumstances that would allow this Court to ignore the *Younger* doctrine and interfere with Plaintiff's pending state court proceedings. *See Lawrence v. Miami-Dade County State Attorney Office*, 272 Fed. Appx. 781, 781-82 (11th Cir. 2008) (per curiam) ("Under the *Younger* abstention doctrine, to justify federal intervention, a petitioner 'must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts.'" (quoting *Allee v. Medrano*, 416 U.S. 802, 834-35 (1974))). Thus, the Court cannot interfere with Plaintiff's state court case and must dismiss this case based on the *Younger* abstention doctrine.

Accordingly, after due consideration and for the reasons stated herein, it is hereby

RECOMMENDED:

1. Plaintiff Carless Link's construed motion to proceed *in forma pauperis* (Dkt. No. 2) be DENIED and this action be DISMISSED.

2. Plaintiff Carless Link's Motion to Appoint Counsel (Dkt. No. 5) be DENIED AS MOOT.

3.  The Clerk is directed to mail a copy of this Report and Recommendation to Plaintiff Carless Link.

IT IS SO REPORTED in Tampa, Florida, on this 1st day of July, 2013.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge


## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).


cc:    Hon. Elizabeth A. Kovachevich
       Plaintiff, *Pro se*